UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barbara A.,     No. 20-cv-2686 (KMM))

    Plaintiff,

v.     **ORDER**

Kilolo Kijakazi, Acting Commissioner of
Social Security,

    Defendant.

This matter is before the Court on the Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412(d). [ECF No. 32]. The Plaintiff seeks an award of $6,976.80 in attorney's fees and for paralegal work pursuant to the EAJA. The Defendant does not oppose the motion. [ECF No. 37].

Based on a review of the entire record in this action, the Court makes the following findings and conclusions. First, the Plaintiff is eligible to receive an award of fees under the EAJA because her net worth when the action was filed was less than $2,000,000.00. 28 U.S.C. § 2412(d)(2)(B). Next, the Court finds that the Plaintiff is a prevailing party because the Court entered a judgment reversing the Commissioner's denial of benefits and remanding the case, pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Administration for further proceedings. *Weber v. Berryhill*, No. 16-CV-0332 (JNE/TNL), 2017 WL 1956977, at *2 (D. Minn. Apr. 6, 2017), *report and recommendation adopted*, No. 16-CV-332 (JNE/TNL), 2017 WL 1956860 (D. Minn. May 10, 2017) ("A sentence four remand makes a plaintiff a 'prevailing party' under the EAJA." (quotation marks omitted)). Third, the

Court finds that the motion is timely. 28 U.S.C. § 2412(d)(1)(B). Fourth, the Court concludes and the Commissioner has conceded that the agency's position was not substantially justified. *Weber*, 2017 WL 1956977, at *2 (finding the Commissioner's position was not substantially justified because she had neither contested the award, nor met her burden to establish substantial justification). Finally, taking into account the appropriately adjusted hourly rate for Plaintiff's counsel's work and the hours expended to achieve the favorable result in this action, the Court concludes that an award of $6,976.80 in attorney's fees and paralegal costs is reasonable. 28 U.S.C. § 2412(b) (allowing a court to award "reasonable fees and expense of attorneys" to the prevailing party). Accordingly, the Court awards $6,976.80 in attorney's fees and paralegal expenses pursuant to the EAJA to the Plaintiff.

Plaintiff's counsel requests that the award be payable directly to counsel because the plaintiff has signed an agreement assigning away any award of fees under the EAJA to her attorneys. [ECF No. 33-1 at 2]. The Commissioner takes the position that, under *Astrue v. Ratliff*, 560 U.S. 586 (2010), an award of fees under the EAJA is payable to the litigant who is the prevailing party and is therefore subject to offset to satisfy any preexisting debt that litigant owes to the United States. [ECF No. 37]. Neither party has presented substantial argument on this question, and the Court finds it unnecessary to address it to resolve the pending motion.

Accordingly, **IT IS HEREBY ORDERED that** the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [ECF No. 32] is **GRANTED.** Within thirty days of this Order, the government shall pay the Plaintiff $6,976.80 in fees under the EAJA,

subject to any offset for preexisting debts to the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

Date: March 24, 2022

                                                    *s/Katherine Menendez*
                                                    Katherine Menendez
                                                    United States District Judge